JUDGE CRONAN

26 CV 07782

RECEIVED
SDNY PRO SE OFFICE
2026 SEP -9 PM 3:41

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**ALLAH SUPREME FREEMAN EL BEY,**

Plaintiff,

v.

**AGATA E. RUMPRECHT BEHRENS,**

Judicial Officer, individually;

**MARK H. COHEN & ASSOCIATES P.C.,**

individually;

**621 VAN NESS AVENUE LLC,**

individually; and

**DOES 1–10,**

Defendants.

Civil Action No. __________

## VERIFIED COMPLAINT

## FOR DEPRIVATION OF CONSTITUTIONAL RIGHTS UNDER 42 U.S.C. § 1983 AND EMERGENCY PRESERVATION OF REAL PROPERTY

Plaintiff Allah Supreme Freeman El Bey, appearing pro se, for his Verified Complaint against Defendants Agata E. Rumprecht Behrens, Judicial Officer, individually; Mark H. Cohen & Associates P.C.; 621 Van Ness Avenue LLC; and Does 1–10, alleges as follows:

## I. NATURE OF THE ACTION

1. This is an action arising under the Constitution and laws of the United States, including 42 U.S.C. § 1983, for deprivation of Plaintiff's constitutional rights under color of State law and through the use of State judicial process.

2. Plaintiff's claims arise from the exercise and continuation of governmental judicial process against Plaintiff's asserted real-property interest notwithstanding Plaintiff's prompt presentation of a deed and formal challenge to the subject-matter jurisdiction of the New York Housing Court proceeding.

3. Plaintiff does not allege merely that the Housing Court interpreted State law incorrectly.

4. Plaintiff alleges that governmental judicial authority was exercised against him after he expressly placed his deed and claim of title before the court, and after he formally challenged the court's subject-matter jurisdiction pursuant to CPLR 3211(a)(2).

5. Plaintiff further alleges that the formal jurisdictional challenge was not substantively determined before the underlying proceeding continued and ultimately resulted in a judgment of possession, issuance of a judicial warrant, and execution of that warrant against the Subject Property.

6. Plaintiff subsequently sought State-court relief to preserve the property and prevent further irreversible injury, including a stay pending appellate proceedings. That immediate preservation was not obtained.

7. This action therefore seeks federal constitutional and equitable relief under 42 U.S.C. § 1983, including narrowly tailored emergency relief necessary to preserve the Subject Property from sale, conveyance, transfer, mortgage, refinancing, encumbrance, assignment, or other irreversible disposition while Plaintiff's federal claims are adjudicated.

## II. THE SUBJECT PROPERTY

8. The real property at issue in this action is the property identified in Plaintiff's deed, which is attached hereto as Exhibit A.

9. Plaintiff claims a protected property interest in the Subject Property by virtue of the deed and the property interest asserted therein.

10. The deed contains the legal description identifying the Subject Property.

11. Plaintiff relies upon Exhibit A as documentary evidence of his asserted property interest.

## III. PARTIES

12. Plaintiff Allah Supreme Freeman El Bey is the person whose asserted property interest was subjected to the governmental judicial process described herein.

13. Defendant Agata E. Rumprecht Behrens was the judicial officer presiding over the underlying Housing Court proceeding and is sued in her individual capacity to the extent permitted by law.

14. Defendant Mark H. Cohen & Associates P.C. was involved in the underlying proceeding as counsel for the adverse party and is sued based upon its alleged participation in the conduct described herein.

15. Defendant 621 Van Ness Avenue LLC was the petitioner in the underlying Housing Court proceeding and is sued based upon its alleged knowing invocation and utilization of State judicial process against Plaintiff despite Plaintiff's asserted deed-based property interest.

16. Plaintiff presently designates additional participants whose identities, roles, and conduct may become known through discovery as Does 1–10.

## IV. MATERIAL FACTUAL HISTORY

A. Ten-Day Notice and Immediate Deed Response

17. A ten-day notice to vacate was placed upon the door of the Subject Property.

18. Immediately following receipt of that notice, Plaintiff responded and provided a copy of his deed establishing and/or evidencing his asserted interest in the Subject Property.

19. Plaintiff expressly informed the opposing party that he was not a squatter and that he claimed an ownership/title interest in the property.

20. Defendant 621 Van Ness Avenue LLC therefore had actual or constructive notice, at the outset, that Plaintiff was asserting a deed-based property interest rather than merely occupying the premises without a claimed legal interest.

21. Plaintiff's deed and response were brought before the Housing Court and became part of the record.

22. The judicial officer acknowledged on the record that Plaintiff's response occurred directly after the ten-day notice.

23. The existence of Plaintiff's deed and asserted title was therefore not a fact hidden from the parties or the court.

B. The Article 7 Proceeding

24. Notwithstanding Plaintiff's express assertion of title, the proceeding continued under the asserted authority of RPAPL Article 7.

25. Plaintiff contends that the statutory authority invoked in the proceeding did not provide a lawful basis for continuing to adjudicate the dispute in the manner undertaken once Plaintiff's bona fide claim of title and property interest had been placed before the court.

26. Plaintiff did not merely make an informal objection.

27. Plaintiff formally challenged the court's subject-matter jurisdiction pursuant to CPLR 3211(a)(2).

28. That jurisdictional motion was presented before the judgment of possession was rendered.

29. The motion specifically challenged the court's authority to adjudicate the proceeding and sought dismissal for lack of subject-matter jurisdiction.

## V. THE FORMAL JURISDICTIONAL MOTION

30. Plaintiff's CPLR 3211(a)(2) motion placed the issue of subject-matter jurisdiction directly before the Housing Court.

31. Subject-matter jurisdiction was therefore a formal issue presented for judicial determination.

32. Plaintiff's jurisdictional objection was based upon the nature of the proceeding, the statutory authority invoked, Plaintiff's deed, and Plaintiff's asserted property interest.

33. The jurisdictional question was material because the continuation of the proceeding necessarily depended upon the court possessing authority to adjudicate the dispute.

34. Plaintiff alleges that the court did not substantively determine the jurisdictional issue before continuing with the proceeding.

## VI. THE ORDER DISPOSING OF THE JURISDICTIONAL MOTION

35. Instead of substantively determining Plaintiff's jurisdictional challenge, the judicial officer entered a separate order disposing of the motion based upon Plaintiff's alleged failure to appear at 1:00 p.m. on an unspecified date.

36. Plaintiff thereafter moved to vacate that order as void.

37. The motion to vacate was not opposed by the adverse party.

38. The motion to vacate was nevertheless never substantively determined.

39. Consequently, Plaintiff alleges that the formal jurisdictional challenge remained unresolved while the underlying proceeding continued.

40. Plaintiff further alleges that the order disposing of the jurisdictional motion was itself challenged as void and remained without substantive determination.

41. The continued exercise of judicial authority therefore occurred while Plaintiff's challenge to the court's subject-matter jurisdiction remained pending and unresolved.

## VII. CONTINUED EXERCISE OF ARTICLE 7 AUTHORITY AND EXECUTION OF WARRANT

42. Despite the unresolved jurisdictional challenge, the Housing Court proceeding continued.

43. A judgment of possession was ultimately entered.

44. A judicial warrant was subsequently issued.

45. The warrant was executed against the Subject Property.

46. The execution of the warrant caused an immediate and substantial interference with Plaintiff's asserted property interest.

47. Plaintiff alleges that the deprivation was not merely theoretical or prospective.

48. Governmental judicial process was actually executed against the property.

49. The execution of the warrant also created the danger of subsequent irreversible disposition of the property.

## VIII. SUBSEQUENT STATE-COURT EFFORTS TO PRESERVE THE PROPERTY

50. Following execution of the warrant, Plaintiff sought State-court relief to preserve the Subject Property pending further review.

51. Plaintiff sought a stay pending the outcome of appellate proceedings.

52. Plaintiff also sought emergency preservation of the property because further disposition could render meaningful relief impossible or substantially more difficult.

53. The State-court stay sought by Plaintiff was denied.

54. Plaintiff thereafter pursued the procedural route identified by the Appellate Term Clerk, including the CPLR 5704 route.

55. Plaintiff does not allege that every conceivable State procedural remedy has been exhausted.

56. Rather, Plaintiff alleges the specific State-court procedures actually pursued and the fact that the immediate preservation sought by Plaintiff was not obtained.

57. The absence of immediate preservation has left Plaintiff exposed to the possibility that the Subject Property may be sold, conveyed, transferred, mortgaged, refinanced, encumbered, assigned, or otherwise disposed of before the federal constitutional claims can be adjudicated.

## IX. FEDERAL QUESTION AND JURISDICTION

58. This action arises under the Constitution and laws of the United States.

59. Jurisdiction is therefore proper pursuant to 28 U.S.C. § 1331.

60. Jurisdiction is also proper pursuant to 28 U.S.C. § 1343(a)(3) because Plaintiff seeks redress for the deprivation, under color of State law, of rights secured by the Constitution and laws of the United States.

61. Plaintiff brings this action pursuant to 42 U.S.C. § 1983.

62. Section 1983 provides a federal cause of action against persons who, under color of State law, deprive another person of rights secured by the Constitution and federal law.

63. Plaintiff seeks independent federal relief for the constitutional deprivation alleged herein.

## X. STATUTORY FRAMEWORK GOVERNING THE UNDERLYING PROCEEDING

64. The underlying proceeding was commenced and prosecuted under the asserted authority of RPAPL Article 7.

65. Article 7 establishes a statutory framework governing summary proceedings for possession of real property.

66. Plaintiff's position is that the authority of a court exercising Article 7 jurisdiction is derived from and bounded by the statutory framework governing the proceeding.

67. Plaintiff's deed and asserted title interest materially altered the nature of the dispute presented to the court.

68. Once Plaintiff formally placed the jurisdictional question before the court pursuant to CPLR 3211(a)(2), the question whether the court possessed subject-matter jurisdiction became an issue requiring judicial determination.

69. Plaintiff alleges that the continuation of judicial process without determination of that jurisdictional challenge deprived Plaintiff of procedural protections guaranteed by the Constitution.

## XI. COUNT I — DEPRIVATION OF PROCEDURAL DUE PROCESS

**42 U.S.C. § 1983**

70. Plaintiff repeats and realleges paragraphs 1 through 69 as though fully set forth herein.

71. Plaintiff possessed a protected property interest in the Subject Property by virtue of his deed and asserted ownership interest.

72. Plaintiff was entitled to constitutionally adequate process before governmental action deprived him of that protected interest.

73. Plaintiff promptly asserted his property interest by producing his deed immediately after receiving the ten-day notice.

74. Plaintiff expressly informed the opposing party that he was not a squatter and that he claimed title.

75. Plaintiff thereafter formally challenged the Housing Court's subject-matter jurisdiction under CPLR 3211(a)(2).

76. The jurisdictional challenge was presented before judgment.

77. Plaintiff alleges that the challenge was never substantively determined.

78. The order disposing of the motion on the ground of nonappearance was itself challenged as void and was never substantively determined.

79. Despite the unresolved jurisdictional challenge, the proceeding continued and culminated in a judgment of possession and execution of a judicial warrant.

80. Plaintiff alleges that the process afforded to him was constitutionally inadequate because the State judicial process continued against his asserted property interest without substantive adjudication of the jurisdictional challenge he formally presented.

81. The resulting governmental action deprived Plaintiff of the use, possession, and/or enjoyment of his asserted property interest.

82. Defendants' conduct, to the extent undertaken under color of State law and pursuant to or in concert with State judicial process, caused or contributed to the deprivation alleged herein.

83. Plaintiff seeks damages and equitable relief to the extent authorized by law.

## XII. COUNT II — CONCERTED ACTION / JOINT ACTION UNDER COLOR OF STATE LAW

**42 U.S.C. § 1983**

84. Plaintiff repeats and realleges paragraphs 1 through 83.

85. Plaintiff alleges that Defendants did not act in isolation.

86. Defendant 621 Van Ness Avenue LLC knew that Plaintiff had asserted a deed-based interest in the Subject Property.

87. Defendant Mark H. Cohen & Associates P.C., acting as counsel in the proceeding, participated in the litigation and utilization of the State judicial process through which the deprivation occurred.

88. Defendant Agata E. Rumprecht Behrens exercised governmental judicial authority over the proceeding.

89. Plaintiff alleges that the relevant acts and omissions operated together to cause the deprivation of Plaintiff's protected property interest.

90. Plaintiff further alleges that the private defendants knowingly invoked and utilized governmental judicial machinery despite actual or constructive knowledge of Plaintiff's asserted title and formal jurisdictional challenge.

91. Plaintiff alleges that the private defendants' conduct became sufficiently intertwined with State action to constitute action under color of State law within the meaning of §1983.

92. Plaintiff presently pleads additional facts concerning the full nature and extent of the concerted conduct on information and belief because those facts are substantially within Defendants' possession and may require discovery.

93. Plaintiff will amend this pleading as appropriate if discovery establishes additional participants, communications, agreements, acts, or omissions constituting concerted or joint action.

## XIII. FEDERAL EQUITABLE AUTHORITY UNDER §1983

94. Plaintiff repeats and realleges paragraphs 1 through 93.

95. Plaintiff seeks equitable relief under §1983 to prevent continuing and irreparable deprivation of his asserted property interest.

96. Federal-question jurisdiction exists under 28 U.S.C. §1331.

97. Federal civil-rights jurisdiction exists under 28 U.S.C. §1343.

98. Section 1983 expressly provides a federal remedy, including equitable relief, for deprivation of constitutional rights under color of State law.

99. Although 28 U.S.C. §2283 generally restricts federal injunctions staying State-court proceedings, the statute contains an express statutory exception for relief authorized by an Act of Congress.

100. In Mitchum v. Foster, 407 U.S. 225, 242–43 (1972), the Supreme Court held that §1983 falls within that express statutory exception because §1983 authorizes a federal suit in equity to redress deprivation of constitutional rights under color of State law.

101. Accordingly, §2283 does not constitute an absolute statutory bar to the equitable relief sought in this §1983 action.

102. Plaintiff does not contend that §1983 automatically entitles him to an injunction.

103. Plaintiff instead alleges facts supporting equitable relief under the ordinary requirements governing preliminary and emergency injunctive relief.

## XIV. IRREPARABLE INJURY AND PRESERVATION OF THE SUBJECT PROPERTY

104. Plaintiff repeats and realleges paragraphs 1 through 103.

105. The warrant has already been executed.

106. The execution of the warrant has materially altered Plaintiff's possession and use of the Subject Property.

107. The immediate danger now includes further disposition of the property.

108. Sale, conveyance, transfer, mortgage, refinancing, encumbrance, assignment, or other disposition of the Subject Property could create interests in third parties and materially complicate or defeat effective relief.

109. Real property is unique, and further transfer may produce consequences that cannot be adequately remedied through money damages alone.

110. Plaintiff therefore seeks narrowly tailored preservation of the status of the Subject Property while this federal action is adjudicated.

111. The requested relief is directed principally toward preventing further irreversible disposition of the specific property.

112. Plaintiff seeks no broader relief than is necessary to preserve the Subject Property and the effectiveness of this Court's eventual judgment.

## XV. DECLARATORY AND EQUITABLE RELIEF

113. Plaintiff repeats and realleges paragraphs 1 through 112.

114. Plaintiff seeks a declaration concerning the federal constitutional violations alleged herein.

115. Plaintiff further seeks preliminary and permanent injunctive relief as authorized by law.

116. Plaintiff requests that Defendants, their agents, servants, employees, representatives, successors, assigns, and all persons acting in concert with them be enjoined from selling, conveying, transferring, mortgaging, refinancing, encumbering, assigning, or otherwise disposing of the Subject Property during the pendency of this action, subject to such terms as the Court determines appropriate.

117. Plaintiff further seeks such temporary restraining order and preliminary injunction as may be necessary to preserve the property pending a full hearing.

## XVI. DAMAGES

118. Plaintiff repeats and realleges paragraphs 1 through 117.

119. As a direct and proximate result of the conduct alleged herein, Plaintiff suffered deprivation of his asserted property interest and other legally cognizable injuries.

120. Plaintiff seeks compensatory damages in an amount to be determined at trial.

121. Plaintiff further seeks punitive damages against any defendant whose conduct is established to have been motivated by or involved reckless or callous indifference to Plaintiff's federally protected rights, to the extent permitted by law.

122. Plaintiff seeks costs and any attorney's fees recoverable under applicable federal law.

## XVII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Allah Supreme Freeman El Bey respectfully requests that this Court:

A. Assume jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1343;

B. Declare that Plaintiff's rights secured by the Constitution and laws of the United States were violated as alleged herein;

C. Issue such temporary restraining order as may be necessary to preserve the Subject Property from further irreversible disposition pending a hearing;

D. Enter a preliminary injunction preserving the Subject Property from sale, conveyance, transfer, mortgage, refinancing, encumbrance, assignment, or other disposition during the pendency of this action;

E. Enter such permanent injunctive relief as may be warranted after adjudication of Plaintiff's federal claims;

F. Award Plaintiff compensatory damages in an amount to be established at trial;

G. Award punitive damages against those defendants whose conduct is proven to warrant such relief;

H. Award Plaintiff costs and such attorney's fees as may be authorized by federal law;

**I. Award such other and further relief as this Court deems just, proper, and equitable.**

## XVIII. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated: 9/8, 2026

Respectfully submitted,

**ALLAH SUPREME FREEMAN EL BEY**

Plaintiff, Pro Se

Allah Supreme Freeman El Bey

Allah Supreme Freeman El Bey

Address: 558 Grand Concourse 6269

Bronx, New York 10451

Telephone: ______________________

Email: __________________________

**VERIFICATION**

I, Allah Supreme Freeman El Bey, being duly sworn, depose and state:

I am the Plaintiff in the above-entitled action. I have read the foregoing Verified Complaint and know the contents thereof. The factual allegations contained therein are true to my knowledge, except those matters stated upon information and belief, and as to those matters I believe them to be true.

I affirm under penalty of perjury that the foregoing is true and correct.

Dated: 9/8, 2026

Allah Supreme Freeman El Bey

**ALLAH SUPREME FREEMAN EL BEY**

~~Sworn to before me this~~

_____ day of ____________, 2026

______________________________

Notary Public

My Commission Expires: ___________

**EXHIBIT A**

**DEED FOR SUBJECT PROPERTY**

[Attach true and complete copy of deed.] See Deed Attached to the Within Motion to Dismiss.

CIVIL COURT OF THE CITY OF NEW YORK
HOUSING PART, COUNTY OF BRONX

---------------------------------------------------------------X

621 VAN NEST AVENUE LLC,

Index No. 318520/25

Petitioner,

-against-

NOTICE OF MOTION

ALLAH SUPREME FREEMAN EL BEY,

Respondent.

---------------------------------------------------------------X

**PLEASE TAKE NOTICE**, that upon the annexed Affirmation of [Allah Supreme Freeman El Bey, Respondent pro se], dated 9/12/2025, the exhibits annexed thereto, and all prior pleadings and proceedings herein, the Respondent, Allah Supreme Freeman El Bey, will move this Court, at the Civil Court of the City of New York, Housing Part, located at 851 Grand Concourse, Bronx, New York 10451, on the 27th day of August, 2025, at 9:30 a.m., or as soon thereafter as counsel may be heard, for an order pursuant to CPLR §§ 3211(a)(2) and 3211(a)(7):

1. Dismissing the Petition for lack of subject matter jurisdiction, as Respondent asserts ownership of the premises located at 621 Van Nest Avenue, Bronx, New York 10460, supported by a deed and raising a title dispute which must be adjudicated in Supreme Court;

2. In the alternative, dismissing the Petition for failure to state a cause of action, as Petitioner's filing in Housing Court constitutes bad faith and abuse of process; and

FILE
AUG 29 2025
CIVIL COURT
BRONX HOUSING COURT

3. Granting such other and further relief as the Court deems just and proper, including costs and sanctions pursuant to 22 NYCRR § 130-1.1 if warranted.

**PLEASE TAKE FURTHER NOTICE**, that pursuant to CPLR § 2214(b), answering papers, if any, shall be served upon Respondent at least seven (7) days before the return date of this motion (or twelve (12) days if served by mail).

Dated: AUGUST 24, 2025

Bronx, New York

JUAN T DELEON
Notary Public - State of New York
NO. 01DE6...
Qualified in Westchester County
My Commission Expires Dec 5, 2026

Allah Supreme Freeman El Bey, Pro Se

621 Van Nest Avenue

Bronx, New York 10460

[Insert Phone Number]

[Insert Email Address]

TO:

Mark H. Cohen & Associates, P.C.

Attorneys for Petitioner

1942 Williamsbridge Road, 2nd Floor

Bronx, New York 10461

SUPREME COURT OF THE STATE OF NEW YORK
CIVIL COURT OF THE CITY OF NEW YORK
HOUSING PART, COUNTY OF BRONX
--------------------------------------------------------------X
621 VAN NEST AVENUE LLC, Index No. 318520/25

Petitioner,

-against-

AFFIRMATION IN SUPPORT OF MOTION TO DISMISS

ALLAH SUPREME FREEMAN EL BEY,

Respondent.

--------------------------------------------------------------X

I, Allah Supreme Freeman El Bey, affirm under penalty of perjury pursuant to CPLR § 2106:

1. I am the Respondent in this proceeding, appearing pro se, and I am fully familiar with the facts and circumstances herein.

2. This affirmation is submitted in support of my motion to dismiss the Petition pursuant to CPLR §§ 3211(a)(2) and 3211(a)(7) for the reasons set forth below.

3. Petitioner commenced this holdover proceeding seeking possession of the premises located at 621 Van Nest Avenue, Bronx, New York 10460, alleging that I am a licensee or unlawful occupant.

4. On or about May 14, 2025, Petitioner served a 10-day notice to vacate. In response, I delivered a recorded deed evidencing my ownership of the premises to Petitioner and its counsel via certified mail, with proof of delivery attached as Exhibit A.

5. This deed raises a bona fide title dispute which is beyond the jurisdiction of this Court.

6. Despite actual notice of my ownership claim, Petitioner improperly filed this summary

proceeding in Housing Court. This constitutes bad faith and abuse of process.

7. I respectfully request dismissal of this proceeding and such other relief as the Court deems just.

Dated AUGUST 27, 2025

Bronx, New York

Allah Supreme Freeman El Bey

Allah Supreme Freeman El Bey, Pro Se

JUAN T DELEON
Notary Public - State of New York
NO. [illegible]
Qualified in Westchester County
My Commission Expires Dec 9, 2026

EXHIBIT A: Copy of recorded deed and certified mail receipt

SUPREME COURT OF THE STATE OF NEW YORK
CIVIL COURT OF THE CITY OF NEW YORK
HOUSING PART, COUNTY OF BRONX
---------------------------------------------------------------X

621 VAN NEST AVENUE LLC,

Petitioner,

-against-

ALLAH SUPREME FREEMAN EL BEY,

Respondent.

---------------------------------------------------------------X

Index No. 318520/25

MEMORANDUM OF LAW
IN SUPPORT OF MOTION
TO DISMISS

**PRELIMINARY STATEMENT**

Respondent Allah Supreme Freeman El Bey respectfully moves to dismiss the Petition pursuant to CPLR §§ 3211(a)(2) and 3211(a)(7) because this Court lacks subject matter jurisdiction over a title dispute, and because Petitioner's filing constitutes bad faith and abuse of process.

**STATEMENT OF FACTS**

Petitioner commenced this holdover proceeding alleging Respondent is an unlawful occupant. Respondent responded to the 10-day notice by delivering a recorded deed showing ownership of the premises located at 621 Van Nest Avenue, Bronx, New York 10460, via certified mail with proof of delivery.

**ARGUMENT**

**POINT I**

HOUSING COURT LACKS SUBJECT MATTER JURISDICTION WHERE A COLORABLE

TITLE CLAIM EXISTS

The Housing Part of the Civil Court lacks jurisdiction to resolve disputes concerning ownership or title to real property. See Ferber v. Salon Moderne, Inc., 174 Misc. 2d 945, 947, 667 N.Y.S.2d 615, 616 (Civ. Ct. N.Y. Cty. 1997); Bradshaw v. 237 Park Ave. Corp., 299 A.D.2d 176, 177, 749 N.Y.S.2d 406, 407 (1st Dep't 2002).

When a respondent raises a colorable claim of ownership supported by documentary evidence such as a recorded deed, the proceeding must be dismissed. Sharp v. Norwood, 89 N.Y.2d 1068, 1068–69, 681 N.E.2d 1280, 659 N.Y.S.2d 825 (1997) (mem.).

Respondent's recorded deed creates a genuine title dispute outside the jurisdiction of this Court, which must be adjudicated in Supreme Court.

**POINT II**

PETITIONER'S FILING IN HOUSING COURT DESPITE KNOWLEDGE OF RESPONDENT'S OWNERSHIP CLAIM CONSTITUTES BAD FAITH AND ABUSE OF PROCESS

Filing a summary proceeding in a court lacking jurisdiction, with knowledge of a colorable title claim, constitutes bad faith and abuse of process. Curiano v. Suozzi, 63 N.Y.2d 113, 116, 469 N.E.2d 1324, 480 N.Y.S.2d 466 (1984).

Here, Petitioner knowingly attempted to evade adjudication of the ownership dispute in Supreme Court by filing in Housing Court. This is an improper use of the legal process. See Katz v. Dotreal LLC, 38 Misc. 3d 148(A), 967 N.Y.S.2d 867 (App. Term 1st Dep't 2013) (table).

**CONCLUSION**

For the foregoing reasons, Respondent respectfully requests that this Court dismiss the Petition pursuant to CPLR §§ 3211(a)(2) and 3211(a)(7), and grant such other and further relief as the

Court deems just and proper.

JUAN T DELEON
Notary Public - State of New York
NO. 01DE64...
Qualified in Westchester County
My Commission Expires Dec 5, 2026

Dated: August 27, 2025

Bronx, New York

Allah Supreme Freeman El Bey, Pro Se

INDEX NO. LT-318520-25/BX [HO]
RECEIVED NYSCEF: 08/29/2025

FILED: BRONX CIVIL COURT - L&T 08/29/2025 02:48 PM
NYSCEF DOC. NO. 7

The herein Copy of the Certified Mailing receipt is a true and authentic Copy of the Orignal. This Affidavit Shall Serve as Proof of Service of the hereto attached Deed, Sent to the Plaintiff - L.L.C. Index No. LT 318520-25/BX and attached as Supporting Evidence; to this Motion to dismiss for lack of Jurisdiction. The deed was Sent in response To the Plaintiff's Ten (10) day notice to Vacate The Premises.

County Bronx
State of New York

[signatures]

JUAN T. ELEON
Notary Public - State of New York
NO. [illegible]
Qualified in Westchester County
My Commission Expires Dec 5, 2026

Notary here ——→

**SENDER: *COMPLETE THIS SECTION***

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Mark H COHEN & Associates PC
1942 Williamsbridge Rd 2nd FL
Bronx, New York 10461

9590 9402 9433 5069 3589 37

2. Article Number *(Transfer from service label)*

***COMPLETE THIS SECTION ON DELIVERY***

A. Signature
X [signature]
☐ Agent
☐ Addressee

B. Received by *(Printed Name)*

C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☑ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053 Domestic Return Receipt

USPS TRACKING #

NEW YORK NY 100
20 AUG 2025 PM 4 L

9590 9402 9433 5069 3589 37

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

United States Postal Service

• Sender: Please print your name, address, and ZIP+4® in this box•

ALLAH SUPREME FREEM HELBEY
631 Van Nest Avenue
Bronx New York [10460]

# *Apostille*

(Convention de La Haye du 5 Octobre 1961)

1. Country: United States of America

   This public document

2. has been signed by **Ischia Bravo**

3. acting in the capacity of **County Clerk**

4. bears the seal/stamp of the **county of Bronx**

Certified

5. at New York City, New York 6. the 7th day of December 2023

7. by Deputy Secretary of State for Business and Licensing Services, State of New York

8. No. NYC-2174721

9. Seal/Stamp 10. Signature




*Whitney A Clark*

Whitney A. Clark

Deputy Secretary of State for Business and Licensing Services

Apostille (REV: 09/25/12)

STATE OF NEW YORK
COUNTY OF BRONX SS:
COUNTY CLERK'S OFFICE

I, Hon. Ischia Bravo, County Clerk of the County of Bronx, State of New York and also Clerk of the Supreme Court in and for said County and State, the same being a Court of Record and having a seal;

DO HEREBY CERTIFY THAT FIGUEROA, SONIA 04FI6205521
Term 5/11/2021 to 5/11/2025

Whose name is subscribed to the annexed affidavit, deposition, certificate of acknowledgment or proof, was at the time of taking the same a NOTARY PUBLIC in and for the State of New York, duly commissioned and sworn and qualified to act as such throughout the State of New York; that pursuant to law a commission, or a certificate of their official character, and autograph signature, have been filed in my office; that as such the Notary Public was duly authorized by the laws of the State of New York to administer oaths and affirmations, to receive and certify the acknowledgment or proof of deeds, mortgages, powers of attorney and other written instruments for lands, tenements and hereditaments to be read in evidence or recorded in this State, to protest notes and to take and certify affidavits and depositions; and that I am well acquainted with the handwriting of such Notary Public or have compared the signature on the annexed instrument with their autograph signature deposited in my office,

IN WITNESS WHERE OF, I have hereunto set my hand and affixed my official seal at Bronx, Bronx County, New York on October 10, 2023

HON. ISCHIA BRAVO
BRONX COUNTY CLERK

**ACKNOWLEDGMENT IN NEW YORK STATE (RPL 309-a)**

...ew York, County of Bronx ss.:

...t. 10th 2023 before me, the undersigned,

...onally appeared Allahs Freemanel-Bey

personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument. without prejudice

Allah Supreme Freeman El-Bey

(signature and office of individual taking acknowledgment)

**ACKNOWLEDGMENT OUTSIDE NEW YORK STATE (RPL 309-b)**

State of County of ss.:

On before me, the undersigned,

personally appeared

personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument, and that such individual made such appearance before the undersigned in

*(insert city or political subdivision and state or county or other place acknowledgment taken)*

*(signature and office of individual taking acknowledgment)*

**ACKNOWLEDGMENT BY SUBSCRIBING WITNESS(ES)**

State of
County of } ss.:

On before me, the undersigned,
personally appeared

the subscribing witness(es) to the foregoing instrument, with whom I am personally acquainted, who, being by me duly sworn, did depose and say that he/she/they reside(s) in *(if the place of residence is in a city, include the street and street number, if any, thereof)*;

that he/she/they know(s)

to be the individual(s) described in and who executed the foregoing instrument; that said subscribing witness(es) was (were) present and saw said

execute the same; and that said witness(es) at the same time subscribed his/her/their name(s) as a witness(es) thereto.

( ☐ *if taken outside New York State insert city or political subdivision and state or country or other place acknowledgment taken* And that said subscribing witness(es) made such appearance before the undersigned in

)

*(signature and office of individual taking acknowledgment)*

# Deed

QUITCLAIM WITH LIEN COVENANT

TO

Dated,

STATE OF NEW YORK

County of ______________ ss.

RECORDED ON THE

..........day of..........................................,

at............o'clock.......... M.

in Liber........................of Deeds

at Page........................and examined

..........................................................................

CLERK

PLEASE RECORD AND RETURN TO:

vidual(s), or the person upon behalf of which the individual(s) acted, executed the instrument, and that such individual made such appearance before the undersigned in

(insert city or political subdivision and state or county or other place acknowledgment taken)

(signature and office of individual taking acknowledgment)

(signature and office of individual taking acknowledgment)

M 294—Quitclaim deed : ind. or corp., 11-98

DISTRIBUTED BY Blumberg Excelsior Inc. NYC 10013

# This Indenture made

Between

N.D. Ali party of the first part, and

Allah Supreme Freeman El Bey party of the second part,

Witnesseth that the party of the first part, in consideration of

Dollars ($ 10.00 )

lawful money of the United States,

paid by the party of the second part, does hereby remise, release and quitclaim unto the party of the second part, the heirs or successors and assigns of the party of the second part forever, all that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the Borough and County of Bronx, City and State of New York, Know and designated as Lot Number 28 and Block 4029

BEGINNING at the corner formed by the intersection of the Westerly side of Fillmore Street with the Northerly side of Van Nest Avenue;

RUNNING THENCE Westerly along said Northerly side of Van Nest Avenue 20 feet;

THENCE Northerly at right angles to the Northerly side of Van Nest Avenue 95.01 feet;

THENCE Easterly parallel with the Northerly side of Van Nest Avenue 20 feet to the Westerly side Fillmore Street;

THENCE along said Westerly side of Fillmore Street 95.01 feet to the point or place of BEGINNING.

SAID PREMISES BEING KNOWN AS AND BY NUMBER 621 VAN NEST AVENUE, BRONX, NEW YORK 10460 MOREOVER WITH SAID PREMISES BEING A PARCEL OF A GLOBAL ESTATE PURSUANT TO MOORISH SCIENCE TEMPLE OF AMERICA CIRCLE 7 HOLY KORAN

X ____________________

NYSCEF DOC. NO. 7 RECEIVED NYSCEF: 08/29/2025

FILED: BRONX CIVIL COURT - L&T 08/29/2025 02:48 PM INDEX NO. LT-318520-25/BX [HO]

Case 1:26-cv-07782-JPC Document 1 Filed 09/09/26 Page 29 of 30

State of New York, County of Bronx
Civil Court of the City of New York Landlord and Tenant Part

Index No: **LT-318520-25/BX**

**AFFIRMATION OF SERVICE**
written answer

621 Van Nest Avenue LLC.
Petitioner(s)
-against-
Allah Freemanely Bey; "John" "Doe"; "Jane" "Doe"
Respondent(s)

State of New York, County of Bronx ss.:

I, Rajjiyd Bey, hereby affirms, deposes and says:
(Name of Person serving papers)

I am over the age of 18 and not a party to this action.

At 4:50 PM. (Time), on 08/27/2025 (Date), I served a/an written answer on:
Motion to Dismiss/Affidavit/Memo (Name of Individual Person served), ☐ Actual person to be served
☐ Person of suitable age and discretion

OR
Mark H. Cohen Attorney (Name of Authorized Person to accept service) for Van Nest LLC (Name of Business or Entity)

Address of Person Served 1945 Williamsbridge Road, 2nd floor
(Actual address on papers to be served)

Location of Person Served 1945 Willionsbridge Road 2nd floor, Bronx N.Y. 10461
(If different than address indicated on papers to be served)

| ☐ By Personal Delivery | | | OR | ☐ Mail (Check all that apply) | |
|---|---|---|---|---|---|
| Perceived description of person served: | | | | ☑ Certified Mail # | |
| Gender: | | Race: | | ☐ Registered Mail # | |
| Height: | | Weight: | | ☑ Return Receipt Requested | |
| Hair Color: | | Eye Color: | | ☐ First Class Mail | |
| Build: | | Age: | | ☐ First Class Mail with Certificate of Mailing # | |

I affirm this 27 day of August, 2025, under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

Printed Name: Rajjiyd Bey

Signature: Rajjiyd Bey (ARR)